**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

John William Long,

       Petitioner,

       v.                                             Case No. 1:06cv787

Warden, WarrenCorrectional                 Judge Michael R. Barrett
Institution,

       Respondent.

## **ORDER**

Before the Court is the May 13, 2009 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 34) regarding Petitioner's Motion to Amend the Petition (Doc. 22) and Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 39)

**I. BACKGROUND**

After a jury trial, Petitioner was found guilty on a one-count indictment of murder. With the assistance of new counsel, Petitioner filed a timely appeal and presented two assignments of error: (1) ineffective assistance of counsel when his trial attorney failed to object to hearsay statements from Officer Luke; and (2) the evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's conviction for murder. The Ohio Court of Appeals overruled the assignments of error and

affirmed the trial court's judgment.

Petitioner filed a timely appeal from this decision to the Ohio Supreme Court, alleging the same two claims which had been asserted in the Court of Appeals. The Ohio Supreme Court declined jurisdiction to hear the case and summarily dismissed the appeal "as not involving any substantial constitutional question."

While his appeal was pending before the Ohio Supreme Court, Petitioner filed a timely application for reopening of his direct appeal pursuant to Ohio R. App. 26(B) with the Ohio Court of Appeals. Petitioner claimed his appellate counsel was ineffective in failing to raise five assignments of error: (1) hearsay testimony by Officers Coombs and Luke; (2) failure to object to the admission of State Exhibits 38 and 44; (3) admission of State Exhibit 35 over defense counsel's objection; (4) the trial's fairness based on "cumulative error:" and (5) trial counsel's failure to object to "inadmissible 'other acts' evidence and improper impeachment evidence." The Ohio Court of Appeals denied the reopening application. The court held that "res judicata precludes reopening the appeal on the proposed bases" because the "proposed assignments of error present challenges that Long could raise in his appeal to the Ohio Supreme Court." Petitioner appealed this ruling to the Ohio Supreme Court, but the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question."

In his federal habeas petition, Petitioner cites six grounds for relief: (1) the evidence adduced at trial was constitutionally insufficient to sustain his conviction for murder; (2) ineffective assistance of appellate counsel; (3) out-of-court statements of Shalese Gilmore were improperly admitted; (4) hearsay statements of Officers Coombs and Luke were admitted; (5) ineffective assistance of trial counsel based on the failure to object to

inadmissible "other acts" evidence, and improper impeachment evidence; (6) Exhibit 38 was improperly admitted because it contained out-of-court statements of Gilmore.

Petitioner seeks to add two claims as grounds for relief: (1) the State of Ohio and/or its agents intentionally suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (2) the Cincinnati police mishandled and/or tampered with material evidence, which altered the probative value of this evidence.

## II. MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends denying Petitioner's Motion to Amend as futile because the two newly-asserted claims are time-barred and do not relate back to the claims alleged in the original Petition.

The Magistrate Judge concluded that Petitioner is not entitled to relief on his claim alleged in Ground One of the Petition. The Magistrate Judge explained that this claim, challenging the sufficiency of evidence of this murder conviction, was subject to review on the merits. After conducting a careful and detailed review of the trial transcript, the Magistrate Judge concluded that a rational juror could have found beyond a reasonable doubt that Petitioner was guilty of the charged murder offense.

The Magistrate Judge found that Petitioner waived the claims alleged in Grounds Three and Six challenging hearsay statements by Gilmore which were submitted to the jury by way of an attachment to State Exhibit 38. The Magistrate Judge found that there was no showing of cause or prejudice, or that a fundamental miscarriage of justice will occur if the claims are not considered by this Court.

The Magistrate Judge found that Petitioner had procedurally defaulted the claims alleged in Grounds Four and Five. The Magistrate Judge also found that Petitioner was

not entitled to relief or review of these claims based in the ineffective assistance of appellate counsel claim alleged in Ground Two as "cause" for his procedural default. The Magistrate Judge reviewed this claim on the merits, and concluded that appellate counsel was not ineffective under either prong of *Strickland v. Washington*, 466 U.S. 668 (1984) because the claimed errors in the trial proceedings lacked merit, and petitioner's appellate counsel was not ineffective in failing to present them as assignments of error on direct appeal.

### III. ANALYSIS

In his objections, Petitioner argues (1) his Motion to Amend should be granted because the two newly asserted claims relate back to the initial pleadings because even though he did not raise them explicitly in his initial pleading, he raised them implicitly in accompanying documents, such as his Motion Requesting Leave to File Motion for Discovery; (2) he is entitled to relief on his claim in Ground One that the evidence a trial was insufficient to sustain his murder conviction; (3) he has not waived the claims alleged in Ground Three and Six; (4) he has not procedurally defaulted his claims in Ground Four and Five, and he has shown ineffective assistance of appellate counsel as cause for any default; and (5) a certificate appealability should attach.

#### A. Motion to Amend

The Court concluded that the Magistrate Judge correctly determined that Petitioners newly asserted claims do not relate back to the original Petition. The new claims are based on evidence outside the trial record, whereas the original Petition is based on the sufficiency of the evidence at trial. The Court also concludes that Petitioner's attempt to "implicitly" raise these claims in his discovery motions has no bearing on this determination.

Accordingly, the Court ADOPTS the Magistrate Judge's recommendation denying Petitioner's Motion to Amend.

B. **Sufficiency of evidence**

Petitioner objects to several points in the Magistrate Judges' summary of the evidence in the trial transcript. Petitioner argues that (1) suspicious behavior immediately after the murder is not evidence which can overcome the presumption of innocence; (2) there should be an assessment of the testimony of Patrina Crawford; (3) and his jeans cannot be used to support his conviction because they were never found in his possession.

As the Magistrate Judge noted, circumstantial evidence alone is sufficient to support a conviction. *Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008). First, the Court notes that there was testimony that Petitioner not only raised the suspicion of Officer Kelly immediately after the murder, but also the suspicion of Marlonda Garrett, Detective Luke in her interviews with Petitioner, and the LeCI correctional officers. Next, Petitioner provides no basis to question the sufficiency of Crawford's eyewitness testimony. Finally, while Petitioner's jeans were not found in Petitioner's possession, the jeans were found near the scene of the murder, and DNA testing on a blood stain on the shorts revealed that the blood was the blood of the victim.

Based on the foregoing, the Court finds that the Magistrate Judge did not err in concluding that Petitioner is not entitled to relief based on his claim alleged in Ground One challenging the sufficiency of evidence for his murder conviction.

C. **Waiver of claims in Grounds Three and Six**

As noted by the Magistrate Judge, Petitioner failed to raise the claims alleged in Grounds Three and Six on direct appeal or as an example of appellate counsel's

ineffectiveness in the reopening proceedings. As such, Petitioner has waived these claims, and they should be dismissed.

### D. Procedural default and ineffective assistance of appellate counsel

As the Magistrate Judge noted, it is well-settled that appellate counsel's ineffectiveness may amount to "cause" for a procedural default occurring in an appeal as of right to the Ohio Court of Appeals. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). However, the Magistrate Judge found that Petitioner had not demonstrated that his appellate counsel's representation was ineffective because Petitioner's claims of error in the trial proceedings lacked merit. Petitioner argues that the Magistrate Judge failed to acknowledge that the prosecutor used "other acts" evidence in opening statement by the State, even before he took the stand, so he could not have "opened the door" for these statements. The Court has reviewed the transcript of the of the State's opening statement. (Doc. 11-11, at p. 4) The only reference which could be considered to be a reference to "other acts" is a mention of Petitioner's parole violation and that he was incarcerated at LeCI before his arrest. The Magistrate Judge did in fact address these references, and found that they do not constitute "other acts" evidence, but are instead a statement of fact as to where Petitioner was living when he was located and interviewed as a suspect in the murder. Therefore, the Court finds that the Magistrate Judge correctly concluded that Petitioner had not established a claim for ineffective assistance of appellate counsel, and therefore that claim could not serve as "cause" for Petitioner's procedural default of Grounds Four and Five.

### E. Certificate of appealability

To obtain a certificate of appealability, a petitioner must show at least that "jurists

of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.

The Court finds that the Magistrate Judge properly determined that a certificate of appealability shall not issue with respect to this Order denying Petitioner's Motion to Amend because under the first prong of *Slack*, because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Because this Court finds the first prong of *Slack* has not been met, it need not address the second prong.

The Court also finds that a certificate of appealability shall not issue with respect to the claims alleged in Grounds Three through Six, which this Court has concluded are waived and thus procedurally barred from review, because under *Slack*, "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings or whether petitioner has stated a viable constitutional claim in any of these grounds for relief.

Finally, the Court finds that a certificate of appealability shall not issue with respect to the claims alleged in Grounds One and Two, which have been addressed on the merits, because Petitioner has not made a substantial showing of a "viable claim of the denial of a constitutional right" or that the issues presented in those grounds for relief are "adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 475, *citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *see also* 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## IV. <u>CONCLUSION</u>

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no

error in the Magistrate Judge's R&R. Accordingly, the May 13, 2008 Magistrate Judge's R&R is hereby **ADOPTED**. It is hereby **ORDERED** that:

1. Petitioner's Motion to Amend the Petition to add two more claims as grounds for relief (Doc. 22) be **DENIED**;

2. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DISMISSED** with prejudice;

3. A certificate of appealability shall not issue for the reasons stated herein; and

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in *forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court